IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE: :

MARIA ANA PEREZ GONZALEZ : CASE NO. 10-05375 (ESL)

Debtor : CHAPTER 13

------------------------------------------------- :

MARIA ANA PEREZ GONZALEZ : ADVERSARY NO. 11-00255

Plaintiff :

vs. :

MCS LIFE INSURANCE CO., :
MEDICAL CARD SYSTEM, INC.
:
Defendants :

_____ :

OPINION AND ORDER

This adversary proceeding is before the court upon defendants MCS Life Insurance Co and Medical Card Systems Inc.'s (collectively referred to as "MCS") *Motion to Dismiss ... For Failure to State [a] Claim Upon Which Relief can be Granted* ("*Motion to Dismiss*", Docket No. 16), and the Plaintiff's two *Motion[s for] Leave to Amend Complaint* (Docket Nos. 23 and 31) alleging that the *Second* and *Third Amended Complaint[s]* moot MCS' *Motion to Dismiss*. For the reasons stated below, MCS' *Motion to Dismiss* is hereby denied in part and granted in part, Plaintiff's *Motion for Leave to Amend Complaint* (Docket No. 23) is hereby granted and her subsequent *Motion [for] Leave to File Amended Complaint* (Docket No. 31) is hereby denied.

Factual Background

The Plaintiff filed her Chapter 13 bankruptcy petition on June 17, 2010 (Lead Case Docket No. 1). On June 18, 2010, Alejandro Oliveras Rivera, Esq. ("Oliveras") was appointed as the Chapter 13 Trustee (Lead Case Docket No. 14). On August 28, 2010, the Plaintiff filed an Amended Chapter 13 Plan (the "Plan", Lead Case Docket No. 15) which proposed monthly payments of $450.00. On November 17, 2010, the Plan was confirmed (Lead Case Docket No. 23).

On or about September 30, 2010, the Plaintiff purchased money order no. 17796898271 at the United States Post Office in the amount of $450.00 and made it payable to the order of Oliveras (the "Money Order"). See Lead Case Docket No. 27. She mistakenly addressed the Money Order to a

mailbox that MCS uses to receive payments for MCS Personal, one of its insurance products. See Docket No. 16, p. 4.

Upon receipt, the Money Order was altered by someone writing "MCS Personal" on it and it was deposited into MCS' account. See Docket No. 16-1. MCS became aware that the Money Order had been erroneously deposited into its account and thus, on February 2, 2011, it issued a check to the Plaintiff in the amount of $450, which the Plaintiff endorsed and deposited (Docket Nos. 16, p. 5, and 16-2).

Procedural Backrgound

The Plaintiff filed the instant *Complaint* on November 11, 2011 seeking compensatory and punitive compensation against defendant MCS Life Insurance Co. for the alteration of the Money Order, which was meant to be paid on or around September 30, 2010 to Oliveras to fund the Plan. See Docket No. 1. The Plaintiff avers that altering a money order issued by the United States Post Office is a criminal offense pursuant to 18 U.S.C. § 500 and that pursuant to Article 1802 of Puerto Rico's Civil Code, 31 L.P.R.A. § 5141, she is entitled to recover compensatory and punitive damages. The summons were issued on even date (Docket No. 2).

Before the defendant MCS Life Insurance Co. appeared to answer the *Complaint* or otherwise plead, on December 27, 2011 the Plaintiff amended her complaint to include Medical Card System, Inc. as a defendant (Docket No. 5) and requested an order for the issuance of new summons, which were issued on January 12, 2012 (Docket Nos. 6, 7 and 8).

After the Court granted two motions for extensions of time to answer the *Amended Complaint* or otherwise plead (Docket Nos. 10, 11, 13 and 14), on March 21, 2012, MCS filed its *Motion to Dismiss* (Docket No. 16) under Fed. R. Civ. P. 12(b)(6) alleging that 18 U.S.C. § 500 does not provide for a private cause of action for recovery of damages and that because she admitted her own errors, she is the direct cause of her alleged damages and as such, she is not entitled to recovery under 31 L.P.R.A. § 5141. In addition, MCS sustains that punitive damages are not available to the Plaintiff under 31 L.P.R.A. § 5141 as a matter of law.

On March 27, 2012, this Court ordered the Plaintiff to "file a reply to the *Motion to Dismiss* within thirty (30) days" (Docket No. 18). Because the Plaintiff did not comply, MCS filed a *Request*

2

*that [the] Motion to Dismiss be Granted as Unopposed* (Docket No. 20). On May 3, 2012, the Plaintiff filed a *Motion [for] Final Extension of Time* to expire on May 7, 2012 to reply to MCS' *Motion to Dismiss* (Docket No. 21), which the Court granted (Docket No. 22). Instead of replying, however, the Plaintiff filed a *Motion [for] Leave to Amend Complaint* and tendered a *Second Amended Complaint* (Docket No. 23). The amendments in the *Second Amended Complaint* consist of additional factual allegations regarding the investigation the Plaintiff pursued at the United States Post Office regarding the Money Order.

On May 11, 2012, MCS filed an *Opposition to Plaintiff's Request for Leave to File Second Amended Complaint* (Docket No. 26) alleging that the causes of action in this the *Second Amended Complaint* are the same as those alleged in the *Amended Complaint*, which MCS had already moved to dismiss for failure to state a claim upon which relief can be granted. Consequently, MCS avers that the *Second Amended Complaint* is an exercise in futility that would needlessly prolong the instant case.

On May 14, 2012, this Court entered an *Order* denying the Plaintiff's *Motion [for] Leave to Amend Complaint* (Docket No. 23) without prejudice to moving the Court within 14 days setting forth the factual and legal basis for the Court to find that the *Second Amended Complaint* moots MCS' pending *Motion to Dismiss*, which until then had remained unopposed. The Court also noted that MCS' *Motion to Dismiss* was addressed to Plaintiff's *Amended Complaint*.

On June 24, 2012, the Plaintiff filed a *Motion in Compliance with Order* (Docket No. 29) arguing that her claim is based on illegal acts by MCS –which could result in federal criminal prosecution– that caused her damages. She also avers that the jurisdiction of this Court is proper because MCS took control of assets administered by the Chapter 13 trustee and under the jurisdiction of this Court inasmuch the Money Order was issued to fund the Chapter 13 Plan. As to the "mooting argument", the Plaintiff contends that she addressed MCS' bald and unsupported statements in its *Motion to Dismiss* by heightening the pleading standard in the *Second Amended Complaint* and explaining in more detail the allegations. She also avers that in Puerto Rico, negligence or fault can arise from illegal acts for tort purposes under 31 L.P.R.A. § 5141 (Docket No. 23-1, p. 8, ¶ 28).

On June 25, 2012, the Plaintiff filed another *Motion [for] Leave to Amend Complaint* with which she tendered a *Third Amended Complaint* (Docket No. 31). She claims that the *Third Amended*

3

*Complaint* would also moot MCS' *Motion to Dismiss* and alleges for the first time that the jurisdiction of this Court in the instant civil action arises from 11 U.S.C. § 105. On even date, MCS filed an *Opposition to Plaintiff's Request for Leave to File Third Amended Complaint* (Docket No. 32) alleging that it suffers from the same infirmities as its previous two versions and that it constitutes a continued attempt to cure not having to file an opposition to MCS' *Motion to Dismiss*. MCS also requests that the Plaintiff be sanctioned by paying all of MCS' attorneys' fees and costs incurred in the instant adversary proceeding.

On June 29, 2012, MCS filed an *Opposition to Plaintiff's Motion in Compliance with Order and Third Motion Requesting Leave to Amend Complaint* (Docket No. 33) rehashing its prior positions.

Legal Analysis and Discussion

*(A)     Jurisdiction of this Court*

Bankruptcy Courts, like other lower federal courts, cannot create their own jurisdiction. They have only the jurisdiction permitted under the Constitution and given to them by Congress. See Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995). Consequently, Bankruptcy Courts have "an obligation to inquire *sua sponte* into [their] subject matter jurisdiction..." Godin v. Schencks, 629 F.3d 79, 83 (1st Cir. 2010).

Fed. R. Civ. P. 8, applicable in adversary proceedings through Fed. R. Bankr. P. 7008, requires an express allegation on the grounds of the Court's jurisdiction.

The Bankruptcy Court's subject matter jurisdiction emanates from a District Court's jurisdiction under 28 U.S.C. § 1334, which endows it with original and exclusive jurisdiction for cases that are under Title 11 of the United States Code, that is, the actual bankruptcy case commenced by the filing of a petition under one of the applicable chapters of the Bankruptcy Code, and original but not exclusive jurisdiction for civil proceedings arising under Title 11, or arising in or related to cases under Title 11. See 28 U.S.C. § 1334(a) & (b); Nickless v. Aaronson (In re Katz), 341 B.R. 123, 127 (Bankr. D. Mass. 2006).

Because an adversary proceeding in bankruptcy is not the same as the lead case, the Bankruptcy Court must determine whether the adversary proceeding, which is a civil proceeding, "arises under" the Bankruptcy Code, "arises in" a case under the Bankruptcy Code, or is "related to" the bankruptcy case.

4

If the adversary proceeding falls within none of the aforementioned categories, then the Bankruptcy Court has no jurisdiction. In re Katz, 341 B.R. at 127. Adversary proceedings "arise under" Title 11 if they involve a "cause of action created or determined by a statutory provision of title 11." Wood v. Wood (In re Wood), 825 F.2d 90, 96 (5th Cir. 1987). Also see Work/Family Directions v. Children's Discovery Ctrs. (In re Santa Clara County Care Consortium), 223 B.R. 40, 43 fn. 2 (B.A.P. 1st Cir. 1998). In contrast, proceedings "arising in" a bankruptcy case "are those that are not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy." In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991) quoting In re Wood, 825 F.2d at 97. "[R]elated to" proceedings are proceedings which "potentially have some effect on the bankruptcy estate, such as altering the debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankruptcy estate." In re G.S.F. Corp., 938 F.2d at 1475, quoting Smith v. Commercial Banking Corp. (In re Smith), 866 F.2d 576, 580 (3rd Cir. 1989). Adversary proceedings that "arise in" and "arise under" Title 11 constitute the Bankruptcy Court's "core" jurisdiction. See 28 U.S.C. § 157(b); In re Wood, 825 F.2d at 96-97. Bankruptcy Courts also have jurisdiction over non-core proceedings provided the proceeding is "related to" a bankruptcy case but can only submit proposed findings of fact and conclusions of law to the District Court. 28 U.S.C. § 157(c)(1). Proceedings which are outside the boundaries of 28 U.S.C. § 1334 (a) or (b) –proceedings which do not fall even within the "related to" jurisdiction– are outside of the subject matter jurisdiction of a Bankruptcy Court. In re Vienneau, 410 B.R. at 334.

The Plaintiff initially sought the jurisdiction of this Court under and 28 U.S.C. §§ 157 [Procedures before bankruptcy judges] and 1334(b) [Bankruptcy cases and proceedings]. She then pled jurisdiction under 28 U.S.C. §§ 1331 [Federal question] and 1343 [Civil rights and elective franchise], 18 U.S.C. §§ 1 et seq. (United States Crime Code) and supplemental jurisdiction under 28 U.S.C. § 1367 to entertain tort claims under Article 1802 of Puerto Rico's Civil Code, 31 L.P.R.A. § 5141. See the Plaintiff's Complaint (Docket No. 1, ¶¶ 1-4, pp. 3-4) and Amended Complaint (Docket No. 5, ¶¶ 1-4, p. 1-2). The Plaintiff also sustains that the instant case is a core proceeding under 28 U.S.C § 157(b).

Because the Money Order in controversy is property of the bankruptcy estate pursuant to 11 U.S.C. § 1306, this adversary proceeding properly "arises in" a bankruptcy case within the context of

28 U.S.C. § 157(b)(1), and therefore is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). In re G.S.F. Corp., 938 F.2d at 1475.  Thus, the Court has jurisdiction pursuant to 28 U.S.C.§ 1334.

Because no "personal injury tort" is alleged, this case does not fall under 28 U.S.C. § 157(b)(5). Jurisdiction under 28 U.S.C. § 1343, as purported by the Plaintiff, is improper and inapplicable. Likewise, this Court will not entertain a criminal proceeding under 18 U.S.C. §§ 1 et seq.

(B)     Leave to Amend Complaints in Adversary Proceedings

Fed. R. Bankr. P. 7015 makes Fed. R. Civ. P. 15 applicable to adversary proceedings.  Fed. R. Civ. P. 15(1) allows a party to amend his/her/its pleadings once "as a matter of course" if filed within the time limits established therein.  In all other circumstances, a party may amend its pleadings under Fed. R. Civ. P. 15(2) "only with the opposing party's consent or the court's leave.  The court should freely give leave when justice so requires."

The Rule allows for liberal amendments in the interest of resolving cases on the merits.  See Foman v. Davis, 371 U.S. 178, 181-182 (1962); O'Connell v. Hyatt Hotels of PR, 357 F.3d 152, 154 (1st Cir. 2004); Wilson v. Mendon, 294 F.3d 1, 7 n.16 (1st Cir. 2002); Mills v. Maine, 118 F.3d 37, 53 (1st Cir. 1997); USM Corp. v. GKN Fasteners Ltd., 578 F.2d 21, 23 (1st Cir. 1978).  Although Fed. R. Civ. P. 15 "reflects a liberal amendment policy ... [lower courts] enjoy[] significant latitude in deciding whether to grant leave to amend".  ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008).  "Grounds for denial include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party and futility of amendment."  Id. at 56, quoting Foman v. Davis, 371 U.S. at 182.

In the instant case, the Plaintiff first amended her complaint to include Medical Card System, Inc. as a defendant (Docket No. 5), and as a result new summons were issued (Docket No. 8). Thereafter, the Plaintiff could only amend her complaint by obtaining the opposing party's consent or the court's leave.  See Fed. R. Civ. P. 15(2).  She opted for the latter.

After the defendants filed their Motion to Dismiss (Docket No. 16), the Plaintiff filed her Motion [for] Leave to Amend Complain (Docket No. 23) alleging that the Second Amended Complaint would moot the Motion to Dismiss, in which MCS alleged that Plaintiff failed to state a claim upon which relief can be granted because 18 U.S.C. § 500 (in which she bases her claim) is a criminal statute that

does not provide for private cause of action for recovery of damages (Docket No. 16). Plaintiff's leave was denied without prejudice to her setting forth the factual and legal basis for this Court to find that the second amended complaint moots MCS' *Motion to Dismiss* (Docket No. 27). In her *Motion in Compliance with Order* (Docket No. 29), the Plaintiff argues that she is entitled to claim damages arising from MCS' illegal acts. She explained that "[i]n Puerto Rico, civil liability for damages can result from illegal acts once it is established that a damage was caused, there has to be a direct nexus between the act and the damage..." (Docket No. 23-1, p. 8, ¶ 28). This allegation is part of the amendments included in the *Second Amended Complaint.*

In light of the liberal amendment policy afforded in Fed. R. Civ. P. 15 to resolve cases on the merits, Plaintiff's *Motion in Compliance with Order* (Docket No. 29) and *Motion [for] Leave to Amend Complaint* (Docket No. 23) are granted and thus allows the *Second Amended Complaint.* Notwithstanding, the Plaintiff's subsequent *Motion [for] Leave* to file for a *Third Amended Complaint* (Docket No. 31) is hereby denied. The Court takes into account her repeated attempts to cure deficiencies by amendments previously allowed, to wit, the *Amended Complaint* and the *Second Amended Complaint*, and the fact that the last *Motion [for] Leave to Amend Complaint* (Docket No. 31) does not purport any reason for its tardiness at this stage of the proceedings. A review of the *Third Amended Complaint* also reveals that the proposed amendments are superfluous, futile and do not seek additional causes of action. See <u>Foman v. Davis</u>, 371 U.S. at 182.

*(C)    Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)*

Fed. R. Bankr. P. 7012 makes Fed. R. Civ. P. 12(b)(6) applicable to adversary proceedings. Fed. R. Civ. P. 8(a)(2) mandates complaints to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not required, the Rule does call for sufficient factual matter. Therefore, to survive a motion to dismiss under this Rule, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id.</u> at 556. This new "plausibility" standard replaced the traditional standard, under which the movant was simply required to show

"beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Milton I. Shadurupdates and Mary P. Squiers, 2-12 Moore's Federal Practice - Civil § 12.34[1][a]. The current standard requires sufficient facts that "raise the right to relief above the speculative level". Twombly, 550 U.S. at 555. Also see Wright & Miller, Federal Practice and Procedure: Civil 3d § 1357. The plausibility standard is not akin to a "probability requirement", but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Twombly, 550 U.S. at 557. The Twombly standard was further developed in Ashcroft v. Iqbal, 556 U.S. 622 (2009), advising lower courts that "determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. In sum, allegations in a complaint cannot be speculative and must cross "the line between the conclusory and the factual". Peñalbert-Rosa v. Fortuño-Burset, 631 F. 3d 592, 595 (1st Cir. 2011). "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011).

In deciding whether or not to dismiss under Fed. R. Civ. P. 12(b)(6), the court may consider the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice. See Fed. R. Civ. P. 10(c) (documents attached to pleadings are part of pleadings); Young v. Lepone, 305 F.3d 1, 11 (1st Cir. 2002) (district court was entitled to consider letters that were not attached to complaint when complaint contained extensive excerpts from letters and references to them; when factual allegations of complaint revolved around document whose authenticity is unchallenged, that document

effectively merges into the pleadings); Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017-1018 (5th Cir. 1996) (courts must limit inquiry to facts stated in complaint and documents either attached to or incorporated in complaint; however, courts may also consider matters of which they may take judicial notice). When considering a motion under Fed. R. Civ. P. 12(b)(6), a "court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom ..." R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006).

MCS' *Motion to Dismiss* is premised on three grounds: (a) Plaintiff failed to state a claim upon which relief can be granted because 18 U.S.C. § 500 is a criminal statute that does not provide for private cause of action for recovery of damages; (b) Plaintiff is barred from recovering damages under 31 L.P.R.A. § 5141 because she admitted her own errors and is therefore the cause of her alleged damages, and because MCS had no in intervention with the Money Order, its alteration or deposit; and (c) that punitive damages are not available to the Plaintiff as a matter of law under 31 L.P.R.A. § 5141.

The Court rejects the first two grounds. Although 18 U.S.C. § 500 is a criminal statute that does not provide for a private action for recovery of damages, the Plaintiff can use said statute to establish fault and/or illegal activity. Pursuant to Article 1802 of Puerto Rico's Civil Code:

> A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity. 31 L.P.R.A. § 5141.

Three elements must be established to prevail in a tort claim under this Article: "(*i*) a compensable injury; (*ii*) a wrongful act on the defendant's part; and (*iii*) a sufficiently tight causal nexus between the injury and the wrong." Gonzalez Figueroa v. J.C. Penney P.R., Inc., 568 F.3d 313, 319 (1st Cir. 2009). Said Article 1802 is "infinitely embracing" as it "encompasses an array of actions as diverse as human conduct itself." Rodriguez Narvaez v. Nazario, 895 F.2d 38, 44 (1st Cir. 1990); Gonzalez-Perez v. Gomez-Aguila, 312 F. Supp. 2d 161, 173 (D.P.R. 2004).

The Plaintiff's *Amended Complaint* and *Second Amended Complaint* do not fail to state a plausible claim upon which relief can be granted regarding those two grounds. In both *Complaints*, the Plaintiff alleges that MCS altered a Money Order issued by the US Post Office to Oliveras, that said

alteration is illegal pursuant to 18 U.S.C. § 500 and that due to that illegal alteration she suffered damages. MCS' allegation that the Plaintiff cannot claim damages under 31 L.P.R.A. § 5141 because she caused her own damages when she sent the Money Order to a mistaken address is also flawed. Article 1802 specifically states that "[c]oncurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity". This, of course, is subject to evidence. Likewise, MCS' unsupported allegation that Banco Popular collects and deposits the payments received in the mailbox where the Plaintiff addressed the Money Order to imply that it had no intervention with it cannot even be considered, for no evidence whatsoever was proffered to sustain it and mere allegations are not evidence. See Nisenbaum v. Milwaukee County, 333 F.3d 804, 810 (7th Cir. 2003). Also see Fantini v. Salem State College, 557 F.3d 22, 26 (1st Cir. 2009) (under Fed. R. Civ. P. 12(b)(6), "the Court shall not accept ... bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, or subjective characterizations, optimistic predictions, or problematic suppositions").

In regards to MCS' third ground for dismissal –the disallowance of punitive damages in Article 1802 cases– it is well settled that "[a]lthough Puerto Rico law provides for broad recovery for all damage caused through fault or negligence, it does not allow punitive damages." Ramirez de Arellano v. Eastern Airlines, Inc., 629 F. Supp. 189, 192 (D.P.R. 1985), quoting Ganapolsky v. Park Gardens Development Corp., 439 F.2d 844 (1st Cir. 1971) and Carrasquillo v. Lippitt & Simonpietri, Inc., 98 P.R.R. 646 (1970). Also see Guardiola Alvarez v. Depto. de la Familia, 175 D.P.R. 668, 681 (2009) (ruling that punitive damages are generally disallowed in Puerto Rico unless special legislation expressly allow them); Cruz v. Molina, 788 F. Supp. 122, 128 (D.P.R. 1992); Riofrio Anda v. Ralston Purina Co., 772 F. Supp. 46, 53 (D.P.R. 1991), aff'd 959 F.2d 1149 (1st Cir. 1992); Computec Sys. Corp. v. Gen. Automation, Inc., 599 F. Supp. 819, 827 (D.P.R. 1984); Cooperativa de Seguros Multiples v. San Juan, 289 F. Supp. 858, 859 (D.P.R. 1968) ("damages to be awarded under the law of Puerto Rico should be of a compensatory nature, to make plaintiff whole for the damages and injuries suffered by him, and not in the manner of a punishment.") The Plaintiff never disputed MCS' argument for the disallowance of punitive damages under Puerto Rico law nor proffered any specific legislation that would allow them. Because the Plaintiff's cause of action is strictly based in a tort claim under Article

10

1802, even assuming the veracity of her allegations, she is not entitled to punitive damages as a matter of law. Therefore, her request for punitive damages indeed fails to state a claim upon which relief can be granted and is hereby dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Although MCS does not denominate Fed. R. Civ. P. 56[1] as the springboard to partial summary judgment, it is warranted when the pleadings and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); Pagan-Torres v. House of Representatives, 858 F. Supp. 2d 172, 179 (D.P.R. 2012); Villalobos v. N.C. Growers Ass'n, 252 F. Supp. 2d 1, 6 (D.P.R. 2001) (analyzing the standard for partial summary judgments). The 2010 amendments to Fed. R. Civ. P. 56(a) provide express authority for judgment on less than the entire case denominating it in its subsection title as "Partial Summary Judgment", which allows summary judgment "upon all or any part" of a claim or defense by any party. Fed. R. Civ. P. 56(a). Because in this case the Court is ruling upon the Plaintiff's own admissions and allegations set forth in her *Amended Complaint* and *Second Amendment Complaints*, partial summary judgment dismissing her claim for punitive damages as a matter of law is warranted.

### Conclusion

In view of the foregoing, MCS' *Motion to Dismiss* (Docket No. 16) is hereby granted only as to the dismissal of the punitive damages claim and denied on all other grounds. Plaintiff's *Motion for Leave to Amend Complaint* (Docket No. 23) is hereby granted and her subsequent *Motion [for] Leave to File Amended Complaint* (Docket No. 31) is hereby denied. Thus, the Court only allows the *Second Amended Complaint* (Docket No. 23-1). A pre-trial conference is hereby scheduled for January 25, 2013 at 9:30 a.m. The parties shall file proposed findings of fact and conclusions of law 10 days prior to the hearing. Each finding shall refer to a document or a witness indicating the proffered testimony.

SO ORDERED.

Partial judgment shall be entered accordingly.

---

[1] Fed. R. Civ. P. 56 is applicable to this proceeding through Fed. R. Bankr. P. 7056.

In San Juan, Puerto Rico, this 2nd day of November 2012.

Enrique S. Lamoutte
United States Bankruptcy Judge

12